258 A.2d 273.

STATE *vs.* DOUGLAS G. BROWN.

NOVEMBER 4, 1969.

PRESENT: Roberts, C. J., Paolino, Powers, Joslin and Kelleher, JJ.

PAOLINO, J. This cause is before us on the defendant's exception to the denial of his "Motion to Revise Costs."

On November 26, 1961, defendant was charged with operating a taxicab upon a public highway of this state without first having obtained a special license from the Registry of Motor Vehicles in accordance with the requirements of the applicable statute. He was originally arraigned before the Fourth District Court on December 5, 1961, at which time he pleaded not guilty. The case was continued for trial four times before it was heard on January 10, 1962, when, after trial, defendant was adjudged guilty and sentenced to pay a fine of $50 and costs. The costs totaled $44 and are itemized on the warrant as follows:

| | |
|---|---|
| Court Fees | $5.00 |
| Continuance | 6.00 |
| Recognizance | 2.30 |
| Service | 2.00 |
| Days Attendance | 1.50 |
| On Summons | 2.00 |
| Services | 3.00 |
| Witnesses | 22.20 |
| Total costs | $44.00 |

From this sentence defendant appealed to the Superior Court, where he was found guilty by a justice of that court sitting without a jury. He prosecuted a bill of exceptions to this court challenging the decision of the trial justice. We overruled his exception and remitted the case to the Superior Court for further proceedings. The defendant then filed a motion in the Superior Court entitled 'Motion to Revise Costs." The defendant appeared before the Superior Court and was sentenced to pay a fine of $50 and costs of $44, said costs to be deposited in the registry of the court until defendant's motion for a revision of the costs could be heard. After a hearing, at which defendant testified, the trial justice denied defendant's motion. The case is now before us on defendant's exception to the decision of the trial justice denying his motion to revise costs.

The defendant based his motion on the provisions of G. L. 1956, §12-20-10, which read as follows:

"Remission of costs.—The payment of costs in criminal cases may, upon application, be remitted by any justice of the superior court; provided, however, that any justice of a district court may in his discretion remit the costs in any criminal case pending in his court, or in the case of any prisoner sentenced by his court, and from which sentence no appeal has been taken."

Section 12-20-10 vests any justice of the Superior Court and, in some instances, any justice of a district court, with discretionary authority to remit costs in criminal cases. The only question before us is whether the trial justice abused his discretion in denying defendant's motion.

The defendant filed no transcript of the hearing on this motion, his position being that no portion of the transcript was necessary for a determination of the issues raised by his appeal. See G. L. 1956, §9-24-17. The only record before us as to that hearing are certain statements in the decision of the trial justice referring to defendant's testimony. The trial justice's statements are:

"The defendant testified that the four continuances were all granted at the request of the State, and not at his request. He maintains that therefore he should not be assessed anything for continuances.
"* * *

"As to the number of witnesses who testified in District Court the defendant was extremely vague. He said he didn't recall, that this was several years ago, that 'there may have been more, like I say, I don't remember.'"

The defendant's first contention is that, since the state did not file a witness certificate pursuant to the provisions

of §9-22-15,[1] the item of costs for witnesses cannot properly be assessed against defendant. This argument is without merit. We agree with the trial justice that §9-22-15 refers only to our practice in civil proceedings and is not applicable to criminal cases.

The defendant's next contention is that the costs for the service of the warrant of arrest should be eliminated. The defendant states that under §12-20-6, as amended, the sum of $3.50 may be charged for the service of a warrant of arrest. The warrant contains a signed return that it was served according to law. The defendant bases his argument on statements in his brief that "In this case, the defendant testified that he appeared voluntarily in court after he was arrested without warrant." Statements of counsel in the brief are not evidence and are not part of the record. In the absence of a transcript, the only fact of record is the return on the warrant stating that the warrant was served by the officer who signed it. In the circumstances we are bound by the return, which stands uncontradicted.

In 1962, when the costs in this case were assessed by the District Court, §12-20-2,[2] as amended by P. L. 1960, chap.

---

[1]Section 9-22-15 read as follows:

"Witness fees allowed where certificate filed after decision.—Unless the certificate of a witness for his attendance and travel, be filed with the clerk of the court rendering judgment, on or before the day of the rendition of judgment in the cause in which he shall have attended or been summoned, no more fees shall be taxed in favor of the party procuring such witness than one (1) day's attendance and travel; provided, that in a district court no fees shall be taxed in favor of the party procuring such witness in any cause in which an appeal shall be claimed after decision, unless there shall be filed with the clerk of said court within one (1) day. exclusive of Sundays and legal holidays, and, in cases for the possession of tenements let or held at will or by sufferance. within three (3) hours after decision, the certificate of such witness for his attendance and travel. or the summons for such witness; in which latter case fees shall be taxed for one (1) day's attendance only and travel."

[2]Section 12-20-2 has been repealed by P. L. 1966, chap. 209, sec. 1.

72, sec. 2, allowed district courts in criminal cases a fee of $1.50 for every continuance. The defendant argues that since no continuances were requested by him, the statute then in effect should not be construed against him. We interpret defendant's position to be that, since he requested no continuances, the statute should not apply to him. The question whether the trial justice abused his discretion in refusing to eliminate the costs allowed for the continuances might very well depend on the reason or reasons for which the state requested the continuances (as for example, the absence of the defendant from the courtroom). The record does not show why the state requested the continuances. Since this is defendant's appeal, it was his duty to furnish this court with an adequate record to enable us to perform our duty in passing on the correctness of the trial justice's ruling.

We are not concerned here with the question of where the burden of proof lies when items of costs are disputed. Our concern is with the defendant's failure to furnish an adequate record in accordance with the requirements of the statute. In the absence of a transcript we are unable to determine this question.

The defendant's exception is overruled and the case is remitted to the Superior Court for further proceedings.

*Herbert F. DeSimone,* Attorney General, *Donald P. Ryan,* Assistant Attorney General, for plaintiff.

*Aram K. Berberian,* for defendant.